UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**WILLIAM G NAVARRE**                          **CASE NO. 2:22-CV-01862**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**AIG PROPERTY CASUALTY CO**                   **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM RULING

Before the Court is "AIG Property Casualty Company's Motion for Summary Judgment" (Doc. 23) wherein "AIG" moves to dismiss the instant lawsuit because Plaintiff's claims are prescribed.

### FACTUAL STATEMENT

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana, and on October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana. During the relevant time period, AIG issued a homeowner's policy to Bal and Rita Sareen on the property located at 4181 Weaver Rd., Lake Charles, Louisiana.[1]

After the Sareens reported the claim, AIG issued payments to the Sareens totaling $392,366.52 and closed its file on January 21, 2021.[2] On or about May 8, 2021, Bal Sareen agreed to sell the property to William Grant Navarre, with a closing date to take place on or about June 30, 2021.[3] The "Side Letter Agreement to Louisiana Residential Agreement to Buy or Sell" (hereinafter referred to as the "Side Letter") provides that:

---

[1] Defendant's exhibit A, Leif Eklund Affidavit, ¶¶ 4 and 8; Defendant's exhibit A-1.
[2] Defendant's exhibit A, ¶ 5.
[3] Defendant's exhibit B, Merrick J. Norman Affidavit, ¶¶ 6-7, Defendant's exhibit B-1—"Addendum A".
Defendant's exhibit, B-2 entitled "Side Letter Agreement to Louisiana Residential Agreement to Buy or Sell"

> **WHEREAS,** pursuant to this Side Letter Agreement, Buyer and Seller wish to confirm their mutual understandings and agreements that Seller, contemporaneously with and conditioned upon Seller's transfer of the Property to the Buyer at the Closing, will set over, transfer and assign the Existing Insurance Proceeds (as defined in paragraph 2 below) and any and all rights, title and interest in and to the Claims that Seller is entitled to receive or collect from the Insurer under the Policy and the right to pursue and collect all other amounts, including statutory penalties, attorneys fees and costs, that the Insurer may be liable for under applicable state or federal law s a result of applicable state or federal law as a result of any loss or damage caused by one or more of the Loss Events or the Insurer's adjustment and handling of the Claims.[4]

On June 23, 2022, Plaintiff, William Navarre filed this lawsuit, purporting to be the assignee of post-loss rights under the Sareen's Louisiana Homeowner's policy.[5] The Sareen's executed their post-loss rights to Navarre on January 3, 2023, after suit was filed.[6]

The Court notes that the "Assignment of Post-Loss Insurance Claims & Limited Power of Attorney" is not dated. The January 3, 2023, date is provided by the Sareen's attorney, Merrick Norman.[7]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a

---

executed by Bal Sareen on June 16, 2021, and executed by William Grant Navarre on "the ____ day of June, 2021," p. 5.
[4] Defendant's exhibit B-1, p. 1.
[5] Complaint for damages, Doc. 1, ¶¶ 10-12.
[6] Defendant's exhibit B, Norman Affidavit, ¶¶ 11-13; Defendant's exhibit B-4, B-5.
[7] Norman Affidavit, ¶¶ 11-13. The affidavit only states that it was forwarded to Bal Sareen on January 3, 2023.

genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Here, Plaintiff, Navarre seeks additional damages against the Sareen's policy holder, AIG, for property damage that occurred as a result of Hurricanes Laura and Delta,

and prior to Navarre owning the home. AIG argues that because the assignment of litigious rights to Navarre was not effectuated until more than two years after the date of the loss, Navarre's claims are prescribed. Defendants remark that the Addendum to the Buy-Sell Agreement made explicit that the Sareens maintained all rights and interest in the claim in the interim.

As previously noted, Navarre file the instant action on June 23, 2022, to recover damages under the AIG's policy that was in effect during the losses allegedly caused by Hurricanes Laura and Delta. Navarre alleges that the Sareens had assigned to Navarre their litigious rights to pursue additional damages, penalties, attorney fees and costs against AIG because of its alleged bad faith conduct in connection with the adjustment of the Sareen's claims. Here, the Court must decide if Navarre is the proper plaintiff at the time the lawsuit was filed, and if not, those claims would be prescribed.

AIG argues that because the Sareens did not execute the assignment contemplated by the buy-sell agreement until about January 3, 2023, after the lawsuit was filed, and more than two years and four months after Hurricane Laura, and two years and two months after Hurricane Delta, Navarre's claims are prescribed.

Relying on the language in Addendum A, and the Side Letter, Navarre argues that the January 3, 2023, executed assignment was in effect as of the date of the Closing. Moreover, that on June 23, 2022, Navarre, as the assignee, possessed the legal right to file this lawsuit. Navarre remarks that as of June 30, 2021, the Sareens intended to assign all of his post-loss litigious rights to pursue all insurance claims, and all insurance proceeds available under the AIG policy. The Court does not doubt that Sareens "intended" to assign

the claims and post-loss litigious right. This is confirmed by Mr. Sareen's attorney, Merrick Norman, who assisted the Sareens in reviewing and revising the legal documents in connection with the assignment.[8]

Mr. Norman declares that "[i]n the last quarter of 2022,[9] I was asked by William Grant Navarre's attorney to review a document entitled Assignment of Post Loss Insurance Claims and Limited Power of Attorney) ("Assignment") and, if approved, to have the Sareens sign it. I did approve the Assignment and, and on January 3, 2023, forwarded it to Bal Sareen for signature. My transmittal email is attached as Exhibit 4. . . ."[10] The Court notes that the "last quarter of 2022" is after this lawsuit was filed.

Navarre argues that AIG cannot question the validity of an assignments unless he can show prejudice citing *Sutton v. Lambert*, 657 So.2d 697 (La.App. 1 Cir. 6/23/95) (citing *Keith v. Comco Ins. Co.*, 574 So.2d 1270 (La. App 2 Cir.) *writ denied*, 577 So.2d 16 (La. 1991); and *Bonner v. Beaird*, 43 La. Ann. 1036, 10 So. 373 (1981). Thus, Navarre maintains that AIG's motion is an attack on the validity of the assignment as of June 2021.

The Court does not consider this to be an attack on the validity of the assignment. Rather, the issue is whether Navarre was the proper party to file this lawsuit on June 23, 2022, considering that the Sareens had not yet assigned its post-loss litigious rights to Navarre. To be sure, the assignment was not executed at the closing, nor when this lawsuit

---

[8] Plaintiff's exhibit B, Merrick J. Norman Affidavit, ¶ 3.
[9] This email chain indicates that Norman requested Bal Sareen to execute the assignment in November. Defendant's exhibit B-4. Mr. Sareen did not execute the assignment until January 2023.
[10] *Id.* ¶¶ 11 and 12.

was filed. Therefore, Navarre was not the assignee of any post-loss litigious rights when he filed the instant lawsuit.

Navarre's argument that the later executed assignment automatically effectuated the assignment does not assist this Court with determining whether Navarre was the proper plaintiff on June 23, 2022. Here, the issue is, who had standing to file this suit on June 23, 2022.  The Court finds that Plaintiff, Navarre, did not have standing on June 23, 2022, because the assignment had not been executed and thus Navarre, was not the assignee, and not the proper party to assert the Hurricane Laura and Delta claims against AIG. See *TCC Contractors, Inc. v. Hospital Service Dist. No. 3 of Parish of Lafourche*, 52 So.3d 1103 (La.App. 1 Cir. 12/8/10) (because of the "strictly personal" character of the right to file suit, the plaintiff's right to do so can be given legal effect only from the effective date of the assignment, and the assignment could not reactively cure the initial absence of a right of action by the plaintiffs. The assignee's right of action did not arise until the date of the assignment.).  Here, Navarre had no valid right of action when suit was filed, and therefore, when the Sareens executed the assignment in January 2023, any rights that were assigned to Navarre were clearly prescribed.

## CONCLUSION

For the reasons explained herein, the Court will grant AIG Property Casualty Company's Motion for Summary Judgment" (Doc. 23) and dismiss this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 19th day of September, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**